PHILIP DONAHY *vs.* JOHN P. CLAPP.

Payment for labor performed under a contract with a person employed by the owner of land to erect a building thereon, cannot be secured by a lien on said land under *St.* 1851, *c.* 343, if the contract with the land-owner for the erection of the building was made before that statute took effect, although after its approval, even if the contract for the labor was made, and the labor actually performed, after the statute was in full force.

THIS was a petition to enforce a mechanic's lien, founded upon *St.* 1851, *c.* 343. At the trial in the court of common pleas, September term, 1852, before *Hoar*, J., the petitioner offered evidence to show a contract between one Hilt and John P. Clapp, the respondent, by which Hilt agreed, in writing, to erect upon land, which the petitioner alleged was the land of said Clapp, the building on which the petitioner performed his work. This contract was dated June 3, 1851. The petitioner also proved a written contract between himself and Hilt, dated August 18, 1851, to perform certain work upon said building, being the same work for which the petitioner claimed a lien. The judge ruled that the *St.* 1851, *c.* 343, approved by the governor May 24, 1851, which went into operation June 23, 1851, did not apply to this case, because the law went into operation subsequent to the contract between Hilt and Clapp, and could not be held to relate to contracts previously made, and ordered the petition to be dismissed with costs; to which ruling the petitioner excepted.

*F. Hilliard*, for the petitioner. The lien law of 1851 applies to this case. Such application would not be a violation of any constitutional provision, as being retrospective, impairing the obligation of contracts, or taking private property without compensation. It would affect the remedy only, not the contract or the right. *Bolton* v. *Johns*, 5 Barr, 145; *Reed* v. *Fullum*, 2 Pick. 158; *Knight* v. *Dorr*, 19 Pick. 51; *Bruce* v. *Schuyler*, 4 Gilm. 221; *Chadwick* v. *Moore*, 8 Watts & Serg. 49; *Bank of Alabama* v. *Dalton*, 9 How. 522; *Evans* v. *Montgomery*, 4 Watts & Serg. 218; *Woodfin* v. *Hooper*, 4 Humph. 13; *Sturges* v. *Crowninshield*, 4 Wheat. 122,

*Mason* v. *Haile*, 12 Wheat. 370; Story Const. §§ 503, 703; *Long* v. *Zook*, 13 Penn. St. R. 400; *Crawford* v. *Branch Bank of Mobile*, 7 How. 279; *Lawrence* v. *Miller*, 1 Sandf. 516; *Newton* v. *Tibbatts*, 2 Eng. 150; *Bronson* v. *Newberry*, 2 Doug. (Mich.) 38; *Rockwell* v. *Hubbell*, 2 Doug. (Mich.) 197; *Paschall* v. *Whitset*, 11 Ala. 472; *Tarpley* v. *Hamer*, 9 Sm. & Marsh. 310.

*J. J. Clarke*, for the respondent.

SHAW, C. J. [After stating the nature of the petition.] The court are of opinion that the direction given by the judge at the trial in the court of common pleas was correct, and that this process to enforce a lien cannot be maintained.

A lien is a charge on real estate, created by law, a real or proprietary interest therein, in the nature of a mortgage, to secure the payment of money due for work done upon it. Before the *St.* 1851, no one could create such a lien by a building contract, except the owner, or person having an interest therein, to the extent of such interest. But by that statute, one who had contracted with the owner to erect a building had power, by his sub-contract with another for the whole or part of the work, to create a similar lien on the estate in favor of such sub-contractor.

The foundation of the petitioner's claim is the contract made by Clapp, the owner of the land, with Hilt. Before that statute took effect as law, the contract gave a lien to Hilt only, which was the act of the owner charging his own estate. But under the operation of that statute, a precisely similar contract by the owner of land would give the contractor a power to bind the estate by other liens in favor of sub-contractors for labor thereon. Such liens in favor of sub-contractors would equally bind the estate by consent of the owner; because such a contract, by force of the existing law, when it was made, of which the owner is presumed to be conusant, gives his irrevocable power to his contractor, to charge and bind his estate; and when such power is executed by the actual making of such sub-contract for labor, it is in law the act of the owner, hypothecating his own estate to the extent of the price of such labor.

Donahy *v.* Clapp.

It is conceded, and the argument proceeds on the assumption, that the statute of 1851 was not in operation when the building contract of Clapp and Hilt was entered into. Whence, therefore, did Hilt derive any power to convey the respondent's land ? — for the creation of a lien on real estate is the transfer of a qualified real interest therein, which may, in its ultimate operation, divest the title of the owner.

But it is urged, in the argument for the petitioner, that giving effect to this statute, in the manner sought in this case, would not be obnoxious to the charge of being retroactive, or *ex post facto*, because it creates no new right, but only extends the petitioner's remedy. There is no foundation, we think, for this argument. The right to sell and dispose of the estate of Clapp, to satisfy a debt due to the petitioner from Hilt, if he has such a right, must be a new right created by the statute. It would be an extraordinary application of the doctrine of remedy, to hold that the legislature could intend that their enactment should be so construed as to provide that A, who has a good right of action against B on a personal contract, should, by way of remedy, have legal power to satisfy his debt out of the property of C, when, by no act of his own, has C rendered himself or his estate chargeable for such debt. But when a statute is in force, when a party does a legal act, like that of making a contract, the existing law gives force and effect to that act; he assents to, and binds himself and his property to all the legal consequences of such act.

The court are therefore of opinion that, as the statute of 1851 was not in force, when the contract between Hilt and the respondent was made, Hilt's subsequent contract with the petitioner gave him no lien on the respondent's estate.

*Petition dismissed.*